UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ARROYO UTILITY AND CONCRETE, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.: 3:25-cv-000072 |
| RLI INSURANCE COMPANY, | § § § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendant RLI Insurance Company hereby removes this action from the 149th Judicial District Court for Brazoria County, Texas and would respectfully show the Court as follows:

### I. PARTIES

1.  RLI Insurance Company ("RLI") is an Illinois corporation with its principal place of business in Peoria, Illinois. For purposes of diversity jurisdiction, RLI is a citizen of the State of Illinois; it is not a citizen of the State of Texas.

2.  Plaintiff Arroyo Utility and Concrete, LLC ("Arroyo") was a Texas limited liability company with its principal place of business in in Katy, Texas. Arroyo's filings with the Texas Secretary of State reflect that Arroyo forfeited existence on February 23, 2024. Arroyo's filings with the Texas Secretary of State reflect that Arroyo is a single member entity whose sole member resides in Texas and is a citizen of the State of Texas. Accordingly, for purposes of diversity jurisdiction, Arroyo is a citizen of the State of Texas; it is not a citizen of the State of Illinois. Upon information and belief, and from a review of the publicly available information, Arroyo's sole member is as follows:

    a. Vicente I. Roque, an individual residing at 4918 Deep Glen Lane, Katy, Texas.[1]

## II. PROCEDURAL BACKGROUND

3. On or about January 31, 2025, Arroyo filed its Plaintiff's Original Petition (the "Petition") in the case *Arroyo Utility and Concrete, LLC v. RLI Insurance Company,* Cause No. 132685-CV in the 149th Judicial District Court of Brazoria County, Texas, in which Arroyo asserted claims for relief of Breach of Contract, Bad Faith Failure to Pay, Violation of Texas Insurance Code, Tortious Interference with Business Relations, and Quantum Meruit against RLI. True and correct copies of the Petition and Summons are attached as **Exhibit 1**.

4. On or about February 11, 2025, RLI was formally served with the Petition and Summons, causing this Notice to be due within 30 days of the same. Accordingly, the filing of this Notice of Removal is timely pursuant to 28 U.S.C.S. § 1446.

## III. BASIS FOR REMOVAL

5. Removal of this action is done pursuant to 28 U.S.C. §§ 1441(a) and 1332(a)(1). This is a civil dispute between citizens of different states. For purposes of diversity jurisdiction, Arroyo is a citizen of the State of Texas and RLI is a citizen of the State of Illinois. There is and

---

[1] A distinct and affirmative allegation of citizenship based on information and belief that all members are diverse is sufficient proof that diversity exists. *See Thunder Patch II, LLC v. JPMorgan Chase Bank, N.A. as Tr. of Red Crest Tr.*, No. 518CV00629OLGRBF, 2018 WL 6488008, at *3 (W.D. Tex. Dec. 10, 2018) (citing *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015)) (noting the complaint sufficiently alleged diversity in good faith based on information and belief); *see also Hise Real Estate Investments, LP v. Great Lakes Ins. SE*, No. 4:20-CV-820-SDJ, 2021 WL 217264, at *2 (E.D. Tex. Jan. 21, 2021) (citing *Lincoln Benefit Life Co.*, 800 F.3d at 108 (holding that a party may make jurisdictional allegations of citizenship based on information and belief so long as it has conducted a "reasonable query into the facts alleged" and consulted publicly available sources concerning the entities' membership status); *see also Carolina Cas. Ins. Co. v. Tamp Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (stating that, when jurisdictional information rests exclusively within a party's control, it is permissible for the other side to, at least initially, "allege simply that the [other party is] diverse to it" and "to plead its allegations on the basis of information and belief"); *Med. Assurance Co. v. Heilman*, 610 F.3d 371, 376 (7th Cir. 2010) (holding that plaintiff had properly pleaded diversity of citizenship by stating "on information and belief" that defendants were citizens of a particular state)); *cf. Mullins v. Testamerica Inc.*, 300 F. App'x 259, 260 (5th Cir. 2008) (the court found the citizenship allegations were insufficient because defendants did not affirmatively allege the states of citizenship of each partner and member; instead, defendants merely alleged that they believed none of those members or partners were citizens of Texas).

was at all relevant times (including the time of filing of the Petition and the filing of this Notice), complete diversity of citizenship between the parties.

6. The amount in controversy exceeds $75,000.00 exclusive of interests and costs as evidenced by Arroyo's Petition which alleges, in relevant part, "Plaintiff is entitled to recover all amounts owed . . . , including but not limited to the total unpaid sums of $1,023,086.00." *See* Exhibit 1, Petition, ¶ 27.

## V. VENUE

7. Venue is proper for purposes of removal to this judicial district under 28 U.S.C. §§ 1441 and 1391(a)(2). By filing this Notice of Removal, RLI does not intend to waive any defenses or objections to venue and/or jurisdiction it may have.

## VI. REMOVAL REQUIREMENTS

12. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).  This Notice of Removal is filed within thirty (30) days of RLI's first receipt of a copy of the Petition – the pleading from which it could first be ascertained that the case had become removable. *See* Exhibit 1, Petition.  This Notice of Removal is also filed within one year of the filing of Arroyo's action against RLI.

13. The sole pleading asserting causes of action is Arroyo's Petition, which is attached hereto as Exhibit 1. To date, there has been no executed process in this case or orders signed by the state judge.  Additionally, pursuant to 28 U.S.C. § 1446(a) and LR81, true and correct copies of the legible copies of the Petition with Exhibits, Summons, and Civil Cover Sheet are attached as Exhibit 1, the Docket Sheet, Index of Matters Being Filed, and a list of counsel of record are attached hereto as **Exhibit 2.**

14. A copy of this Notice of Removal is being filed simultaneously with the clerk of the state court from which the action was removed and will also be served on Arroyo, which is *pro se*.

WHEREFORE, Defendant RLI Insurance Company requests that the Court accept jurisdiction over this case for the reasons set forth above and for such other and further relief as the Court deems just and proper.

          Respectfully submitted,

          */s/ Emory G. Allen*
          CHRISTOPHER R. WARD
          State Bar No. 24008233
          Southern District Bar No. 23186
          cward@clarkhill.com
          EMORY G. ALLEN
          State Bar No. 24105430
          Southern District Bar No. 3293701
          eallen@clarkhill.com
          DANIEL GONZALEZ
          State Bar No. 24125613
          Southern District Bar No. 3749911
          dgonzalez@clarkhill.com
          **CLARK HILL PLC**
          2600 Dallas Parkway, Suite 600
          Frisco, Texas 75034
          Telephone:   (214) 651-4722
          Facsimile:    (214) 659-4108

          **ATTORNEYS FOR DEFENDANT RLI INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on the below this the 10th day of March, 2025, via the Court's electronic service, U.S. Mail, and/or e-mail.

> Neftali Arroyo
> Vicente Isabel Roque
> 4918 Deep Glen Lane
> Katy, Texas 77449
> Nefarte90@hotmail.com
> *Plaintiff*

*/s/ Emory G. Allen*
Emory G. Allen
